UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTHONY BRODZKI, | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-00697-PMP-GWF |
| vs. | ) | **ORDER; FINDINGS AND RECOMMENDATION** |
| GEORGE WESTERMAN, | ) | |
| Defendants. | ) | Motion to Proceed in Forma Pauperis (#1) |

This matter is before the Court on Plaintiff's Complaint and Application to Proceed In Forma Pauperis (Dkt. #1), filed May 2, 2011.

## BACKGROUND

Plaintiff Anthony Brodzki claims that he was seeing Defendant Dr. Westerman, a psychiatrist in Las Vegas, Nevada, for medical and psychological treatment. (Dkt. #1.) Mr. Brodzki was under Dr. Westerman's care for approximately one year. On what Mr. Brodzki claims was a Saturday in June, Mr. Brodzki called Dr. Westerman to schedule an appointment. Mr. Brodzki claims that Dr. Westerman answered the phone, said "Mr. Brodzki," and then, without explanation, hung up the phone. Consequently, Mr. Brodzki filed a personal injury complaint, stating claims for violations of his right to unobstructed medical treatment under the Fourth Amendment, infliction of emotional stress, and general tort liability.

## DISCUSSION

**I.    In Forma Pauperis Application**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Mr. Martin's financial affidavit pursuant

to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee and Plaintiff's request to proceed in forma pauperis will be granted.

## II.     Screening of the Complaint

Upon granting a request to proceed in forma pauperis, a court must additionally screen the complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from an individual who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous where it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams,* 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material facts stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id*.; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed may therefore be dismissed sua sponte if the claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g. claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g. fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

When a court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.    Plaintiff's Complaint**

Mr. Brodzki claims that Dr. Westerman's act of hanging up on Mr. Brodzki (a) caused him "emotional infliction of stress," and (b) violated his Fourth Amendment right to unobstructed medical treatment.

**A.    Intentional Infliction of Severe Emotional Distress Claim**

In his complaint, it appears that Mr. Brodzki mistakenly referred to the tort of intentional infliction of severe emotional distress as "emotional infliction of stress"-a legal interest that clearly does not exist.  Even assuming Mr. Brodzki meant to assert an intentional infliction of severe emotional distress claim, this claim still fails.

To support a claim of intentional infliction of severe emotional distress, a plaintiff must assert facts showing that (1) the defendant's conduct was extreme and outrageous "with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Goodwin v. Executive Tr. Services*, LLC, 680 F. Supp. 2d 1244, 1255-56 (D. Nev. 2010) (quoting *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (1999)) (internal quotation marks omitted).

Here, Mr. Brodzki has not provided facts supporting each of the elements of his claim and, at best, has provided nothing more than a mere conclusion.  As a result, the Court dismisses this allegation under Fed. R. Civ. P. 12(b)(6).

     **B.**     **Fourth Amendment Claim**

Mr. Brodzki's claim that his right to unobstructed medical treatment, protected by the Fourth Amendment, was violated must be dismissed because it is based on untenable legal conclusions. First, the Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure." U.S. Const. Amend. IV. Based on the alleged facts, the Fourth Amendment is in no way implicated.

Second, even considering Mr. Brodzki's alleged facts in the context of the Eighth Amendment, which protects individuals from "cruel and unusual punishment," the Court must dismiss the claim as fanatic or delusional in nature. U.S. Const. Amend. VIII. Simply put, hanging up on someone does not rise to the level of cruel and unusual punishment. As a result, this claim is dismissed with prejudice because it is clear from the face of the complaint that it cannot be cured by amendment.

## IV.    Conclusion

Pursuant to 42 U.S.C. § 1983, Plaintiff's claims against the Defendant do not allege that a government official violated at least one of the Plaintiff's federal constitutional rights. The screening of Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Dkt. #1) has been completed pursuant to 28 U.S.C. §1915A. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

. . .

. . .

. . .

**RECOMMENDATION**

The Court recommends Plaintiff's § 1983 Complaint should be dismissed with prejudice based on the failure to state a claim upon which relief may be granted and based on the conclusion that the defects in the complaint cannot be cured by amendment. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint should be **dismissed** with prejudice.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Yist*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 4th day of August, 2011.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE